HENRY A. STUDWELL AND OTHERS, PLAINTIFFS, *v.* THE CHARTER OAK INSURANCE COMPANY, DEFENDANT.

*Preferred causes — what are, within subdivision* 8 *of section* 791 *of the Code of Civil Procedure — A preference given by Rule* 36 *is waived by a failure to file a proper note of issue.*

An action to recover upon a policy of insurance, brought after the death of the person insured and the expiration of the time given by the terms of the policy to the company within which to pay it, is an action against a corporation, founded upon an " evidence of debt, for the absolute payment of money," within subdivision 8 of section 791 of the Code of Civil Procedure, and is entitled to a preference upon the calendar.

A plaintiff, by failing to file a note of issue in the form prescribed by General Rule No. 36, waives his right to have the case treated as preferred, on the ground that the property of the defendant is held under an attachment.

APPEAL from an order, made at Special Term, denying a motion to place the above entitled cause on the preferred calendar.

The action was brought to recover upon a policy of insurance,

issued by the defendant, insuring the life of Lucretia A. Studwell, for the benefit of the plaintiffs, her children. On the 13th day of July, 1878, the said Lucretia A. Studwell died, and the policy became due and payable. At the commencement of this action an attachment was issued, and property of the defendant levied upon, which property is still held under said attachment. On the 4th of August, 1879, plaintiffs moved this court, at chambers, for an order placing this cause on the preferred calendar, upon the grounds :

1. That the action is against a corporation on an evidence of debt, for the absolute payment of money.

2. That an attachment had been issued herein, and that property of the defendant was held thereunder.

The court, at the close of the argument, denied the motion, and from the order thereupon entered this appeal is taken.

*Lewis & Beecher*, for the appellants.

*C. B. Alexander*, for the respondent.

*Per Curiam :*

Under Rule 36 of the General Rules of Practice, the plaintiffs might have placed this action on the preferred calendar, on filing a note of issue in the form prescribed by the rule. Not having done so, they waive their right to have the case treated as preferred, on the ground that the property of the defendant was held under attachment. The defendant, by the rule, is entitled to make a motion, on short notice, to have the same preferred, but that right is not given to the plaintiff.

We think, however, the cause of action is a preferred one under subdivision 8 of section 791 of the Code of Civil Procedure. It is an action against a corporation, founded upon an evidence of debt for the absolute payment of money, notwithstanding the contract in its inception was not absolute but conditional.

A policy of life insurance, which has matured and become due by the happening of the contingency provided for, and the expiration of the period for the payment of money, is, we think, an evidence of the debt for the absolute payment of money, within the meaning of the Code.

The order is, therefore, reversed, with ten dollars costs and disbursements, and the motion granted, without costs.

Present — Davis, P. J.; Brady and Ingalls, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted.